# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1508V
UNPUBLISHED

| | |
|---|---|
| ANNETTE THOMPSON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: April 7, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Michael Johnson Dunn Brown*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 2, 202, Annette Thompson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that suffered a shoulder injury related to vaccine administration (SIRVA) resulting from the administration of an influenza (flu) vaccination on September 27, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 17, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On April 6, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $98,591.20, including $97,500.00 in actual pain and suffering and $1,091.20 for past unreimbursable expenses.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $98,591.20, including $97,500.00 in actual pain and suffering and $1,091.20 for past unreimbursable expenses, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANNETTE THOMPSON,          ) | |
|       Petitioner,          ) | |
| ) | No. 20-1508V |
| v.          ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND          ) | |
| HUMAN SERVICES,          ) | |
| ) | |
|       Respondent.          ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 2, 2020, Annette Thompson (petitioner) filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleged that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her on September 27, 2019. Petition at 1. On January 28, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending that compensation be awarded. ECF No. 24. On March 21, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 28.

    **I.**    **Items of Compensation**

        A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $97,500.00 in actual pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

        B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure for past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be

1

awarded past unreimbursable expenses in the amount of $1,091.20, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $98,591.20, representing compensation for actual pain and suffering ($97,500.00) and past unreimbursable expenses ($1091.20) in the form of a check payable to petitioner, Annette Thompson. Petitioner agrees.

## III. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Annette Thompson:           $ 98,591.20

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

3

                                                                                             */s/ Michael J. Brown*  
                                                                                             MICHAEL J. BROWN  
Trial Attorney  
Torts Branch, Civil Division  
U.S. Department of Justice  
P.O. Box 146  
Benjamin Franklin Station  
Washington, D.C. 20044-0146  
Tel: (202) 451-7730  
Michael.j.brown3@usdoj.gov

DATED: April 5, 2022